FILED IN MY OFFICE
DISTRICT COURT CLERK
11/21/2014 1:18:05 PM
STEPHEN T. PACHECO
Salvador Hernandez

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANTA FE

Cause No. D-101-CV-2014-02466

RENE SOLIZ,

    Plaintiff,

vs.

NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY and JERRY ARNOLD in his individual
and official capacities as a State Police employee,

    Defendants.

## COMPLAINT

COMES NOW Plaintiff, Rene Soliz, by and through his undersigned attorneys, and for his Complaint against the Defendants, states as follows:

## PARTIES

1. Plaintiff is and was at all times material hereto a resident of Santa Fe County, New Mexico.

2. Defendant State of New Mexico Department of Public Safety ("DPS") is a state agency organized under the laws of the State of New Mexico with its principal place of business in Santa Fe County.

3. Defendant Arnold, at all times material to the allegations of the Complaint, was an employee of Defendant DPS, and was acting or purporting to act as a State Police law enforcement officer for purposes of the Tort Claims Act under color of state law. Defendant Arnold is sued in both his individual and official capacities as a State Police employee.

EXHIBIT A

## JURISDICTION AND VENUE

4. Personal and subject matter jurisdiction and venue are proper in this Court in that all alleged events took place and Plaintiff resides in Santa Fe County.

5. This Court has jurisdiction to award damages pursuant to 42 U.S.C. § 1983 and pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-18.

6. Tort immunity has been waived for Defendants for liability for injuries caused by law enforcement officers acting within the scope of their duties pursuant to NMSA 1978, § 41-4-12. All notice requirements of the New Mexico Tort Claims Act have been complied with in a timely fashion.

## FACTS

7. During the late night hours of November 26, 2012, Defendant Arnold initiated a traffic stop of Plaintiff within the city limits of Santa Fe, New Mexico.

8. When Plaintiff did not immediately stop the vehicle he was driving, Defendant Arnold activated his police lights and siren.

9. Plaintiff continued driving through a commercial parking lot, turned into a residential cul-de-sac, and exited the vehicle.

10. Defendant Arnold followed, pursued Plaintiff with his service weapon in hand, then holstered his service weapon and drew out a taser.

11. Defendant Arnold activated his taser at Plaintiff sending electricity through Plaintiff's body three times, grabbed Plaintiff with sufficient force to tear off his shirt, wrestled Plaintiff to the ground, and repeatedly kicked Plaintiff in the head and shoulders before handcuffing him and placing him under arrest.

12. The actions of Defendant Arnold as set forth herein were the result of the failure of Defendant DPS to properly train, supervise, and discipline its officers, including Defendant Arnold. This failure to train, supervise, and discipline is a consequence of the deliberate policies and practices of Defendant DPS. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless, and intentional actions of Defendant Arnold.

13. Upon information and belief, Defendant DPS permitted, encouraged, tolerated and ratified an unjustified and unreasonable pattern and practice of the use of excessive and/or unnecessary force in the following non-exclusive list of particulars:

   a. Failing to properly instruct and/or train officers in the proper practices and procedures for initiating traffic stops and making warrantless arrests;

   b. Failing to properly instruct and/or train officers in the proper practices and procedures for using tasers;

   c. Failing to perform meaningful internal reviews and evaluations of incidents where officers used tasers on citizens;

   d. Failing to properly train officers to identify those situations where the use of tasers is inappropriate;

   e. Failure to properly train officers to avoid the use of excessive and/or unnecessary force; and

   f. Failing to enforce the laws of the State of New Mexico and the regulations of the DPS regarding the use of excessive and/or unnecessary force.

14. As a direct and proximate result of the acts of the Defendants, Plaintiff has incurred damages including but not limited to physical pain and suffering, embarrassment and

3

humiliation, emotional distress, medical expenses, legal fees and costs, and other losses that shall be proven at trial.

15. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts of Defendants as alleged herein, Plaintiff suffered violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Article II Section 10 of the New Mexico Constitution.

**Count I. (Violation of 42 U.S.C. Section 1983)**

16. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraph 1-15, above, as though set forth herein.

17. Defendant Arnold initiated the traffic stop without reasonable suspicion that Plaintiff was engaged in criminal activity.

18. Defendant Arnold unlawfully detained and arrested Plaintiff without probable cause to believe that he was engaged in criminal activity and subdued him using unnecessary and excessive force.

19. The degree and amount of force used by Defendant Arnold to subdue Plaintiff was not objectively reasonable in light of the facts and circumstances confronting him at the time.

20. DPS is responsible for Plaintiff's injuries because its official policies, practices, and/or customs led to Plaintiff's injuries.

21. DPS is responsible for Plaintiff's injuries under 42 U.S.C. § 1983 due to its failure to properly train, supervise, and discipline its officers including Defendant Arnold.

22. Defendant DPS is liable under the doctrine of respondeat superior for the misconduct of its police officer employee pursuant to the New Mexico Tort Claims Act, NMSA 1978, §41-4-1, et seq.

23. The actions of the Defendants were taken under color of state law and violated clearly established and well settled federal and state constitutional rights of the Plaintiff including freedom from unreasonable detention and seizure of his person, and freedom from the use of excessive, unreasonable and unjustified force against him.

24. In committing the acts alleged in this complaint, Defendant Arnold acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiff, justifying an award of punitive damages under federal law against Defendant Arnold.

**Count II. (Violation of NM Const. Article II, Section 10)**

25. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraph 1-24, above, as though set forth herein.

26. Defendant Arnold initiated the traffic stop without reasonable suspicion that Plaintiff was engaged in criminal activity.

27. Defendant Arnold unlawfully detained and arrested Plaintiff without probable cause to believe that he was engaged in criminal conduct and subdued him using unnecessary and excessive force.

28. The degree and amount of force used by Defendant Arnold to subdue Plaintiff was not objectively reasonable in light of the facts and circumstances confronting him at the time.

29. DPS is responsible for Plaintiff's injuries because its official policies, practices, and/or customs led to Plaintiff's injuries.

30. DPS is responsible for Plaintiff's injuries under state law due to its failure to properly train, supervise, and discipline its officers including Defendant Arnold.

31. Defendant DPS is liable under the doctrine of respondeat superior for the misconduct of its police officer employee pursuant to the New Mexico Tort Claims Act, NMSA 1978, §41-4-1, et seq.

32. The actions of the Defendants were taken under color of state law and violated clearly established and well settled federal and state constitutional rights of the Plaintiff including freedom from unreasonable detention and seizure of his person, and freedom from the use of excessive, unreasonable and unjustified force against him.

33. In committing the acts alleged in this complaint, Defendant Arnold acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiff, justifying an award of punitive damages under New Mexico law against Defendant Arnold.

### **Count III. (Battery)**

34. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-33, above, as though set forth herein.

35. In undertaking the actions alleged herein, Defendant Arnold intended to cause a harmful and offensive contact with Plaintiff to occur.

36. In undertaking the actions alleged herein, Defendant Arnold caused an offensive contact with Plaintiff to occur.

37. Plaintiff suffered pain and injuries as a result of Defendant Arnold's actions.

38. Defendant Arnold's actions, as alleged herein, constitute a battery under New Mexico law for which immunity has been waived by NMSA 1978, § 41-4-12 (1977).

39. In committing the acts alleged in this complaint, Defendant Arnold acted knowingly, maliciously, and with reckless or callous disregard for the rights of Plaintiff, justifying an award of punitive damages under New Mexico law against Defendant Arnold.

40. Defendant DPS is liable under the doctrine of respondeat superior for the misconduct of its police officer employee pursuant to the New Mexico Tort Claims Act, NMSA 1978, §41-4-1, et seq.

### Count IV. (Illegal Detention and False Arrest)

41. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-40, above, as though set forth herein.

42. The detention, seizure, and arrest of Plaintiff by Defendant Arnold, as set forth above, were committed without reasonable suspicion and without probable cause to believe that Plaintiff was engaged in criminal activity.

43. Plaintiff suffered pain and injuries as a direct and proximate result of Defendant Arnold's actions.

44. In committing the acts alleged in this complaint, Defendant Arnold acted knowingly, maliciously, and with reckless or callous disregard for the rights of Plaintiff, justifying an award of punitive damages under New Mexico law against Defendant Arnold.

45. Defendant DPS is liable under the doctrine of respondeat superior for the misconduct of its police officer employee pursuant to the New Mexico Tort Claims Act, N.M.S.A. 1978, §41-4-1, et seq.

### Count V. (Negligence)

46. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-45, above, as though set forth herein.

47. At all times relevant herein, Defendant Arnold had a duty to exercise that care exercised by a reasonably prudent and qualified police officer in light of the nature of what was being done.

48. At all times relevant herein, Defendant DPS had a duty to train, supervise, and discipline State Police officers for the benefit, protection, and safety of the public.

49. Defendants acted negligently in undertaking the actions and inactions alleged herein.

50. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries as alleged herein.

51. Defendant DPS is liable under the doctrine of respondeat superior for the misconduct of its police officer employee pursuant to the New Mexico Tort Claims Act, N.M.S.A. 1978, §41-4-1, et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court:

a. Enter judgment against the Defendants;

b. Award Plaintiff compensatory damages against the Defendants in an amount to be determined at trial;

c. Award Plaintiff punitive damages against Defendant Arnold in an amount to be determined at trial;

d. Award Plaintiff his reasonable attorney's fees and costs, pursuant to 42 U.S.C. Section 1988;

e. Award pre-judgment and post-judgment interest; and

f. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

PAUL W. GRACE, L.L.C.

By: /s/Paul W. Grace_____
    Paul W. Grace, Esq.
    117 N. Guadalupe St., Ste. A
    Santa Fe, New Mexico 87501
    (505) 690-8505
    Attorney for Plaintiff