IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**RENE SOLIZ,**

      **Plaintiff,**

vs.                                                           **Cause No. 15-CV-00123 KBM/SCY**

**NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY and JERRY ARNOLD,
in his individual and official capacities
as a State Police employee,**

      **Defendants**


## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f) a telephonic meeting was held at 2:00 p.m. on March 16, 2015 and was attended by:

For Plaintiff:

Paul W. Grace, Esq.
Paul W. Grace, LLC
117 N. Guadalupe St., Ste. A
Santa Fe, NM  87501
(505) 690-8505

For Defendants New Mexico Department of Public Safety and Jerry Arnold:

Frank D Weissbarth
James P. Sullivan
BRENNAN & SULLIVAN, PA
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514

## NATURE OF THE CASE

Plaintiff Rene Soliz filed his Complaint against Defendants alleging a deprivation of his civil rights for violations of the Fourth Amendment to the United States Constitution and for violations of the New Mexico Constitution and New Mexico Tort Claims Act.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Plaintiff has no intention to amend pleadings or add parties at this time.

Plaintiff should be allowed until April 24, 2015 to amend the pleadings and add parties in accordance with the Federal Rules of Civil Procedure.

Defendants New Mexico Department of Public Safety and Jerry Arnold**:** Defendants have no intention to amend pleadings or add parties at this time.

Defendants should be allowed until May 25, 2015 to amend the pleadings or add parties in accordance with the Rules of Civil Procedure.

## STIPULATIONS

The parties stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction over the parties and the subject matter of this case and is a proper venue.

The parties are willing to further stipulate to the following facts: The allegations admitted by Defendants in their Answer to Plaintiff's Complaint.

The parties further stipulate and agree that the law governing this case is: 42 USC §1983 and the New Mexico Tort Claims Act.

## PLAINTIFF'S CONTENTIONS

During the late night hours of November 26, 2012, Defendant Arnold initiated a traffic stop of Plaintiff without reasonable suspicion that Plaintiff was engaged in criminal activity. When Plaintiff did not immediately stop the vehicle he was driving, Defendant Arnold activated his police lights and siren. Plaintiff continued driving through a commercial parking lot, turned into a residential cul-de-sac, and exited the vehicle. Defendant Arnold pursued Plaintiff with his service weapon in hand, then holstered his service weapon and drew out a taser. Defendant Arnold activated his taser at Plaintiff sending electricity through Plaintiff's body three times, grabbed Plaintiff with sufficient force to tear off his shirt, wrestled Plaintiff to the ground, and repeatedly kicked Plaintiff in the head and shoulders before handcuffing him and placing him under arrest.

Defendant Arnold unlawfully detained and arrested Plaintiff without probable cause to believe that he was engaged in criminal activity and subdued him using unnecessary and excessive force. Defendant Arnold's actions constitute a battery under New Mexico law for which immunity has been waived. Defendant Arnold acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiff, justifying an award of punitive damages against Defendant Arnold. In the alternative, Defendant Arnold acted negligently in carrying out the unlawful detention and illegal arrest of Plaintiff.

Defendant DPS failed to properly train, supervise, and discipline its officers, including Defendant Arnold, in the proper practices and procedures for initiating traffic stops and making warrantless arrests, for using tasers, and for avoiding the use of excessive and/or unnecessary force. Defendant DPS is liable under the doctrine of respondeat superior for the misconduct of Defendant Arnold. The actions of the Defendants were taken under color of state law and

violated clearly established and well settled federal and state constitutional rights of the Plaintiff including freedom from unreasonable detention and seizure of his person, and freedom from the use of excessive, unreasonable and unjustified force against him.

As a direct and proximate result of the acts of the Defendants, Plaintiff incurred damages including but not limited to physical pain and suffering, embarrassment and humiliation, emotional distress, medical expenses, and legal fees and costs. Defendants acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts of Defendants, Plaintiff suffered violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Article II Section 10 of the New Mexico Constitution.

**DEFENDANTS'S CONTENTIONS**

Defendants deny what Plaintiff says about liability and damages and state that they did not violate Plaintiff's rights, and Defendants deny that Officer Arnold used excessive force while arresting Plaintiff on November 26, 2012.

A few minutes before 11:00 p.m. on the night November 26, 2012, Officer Jerry Arnold was on patrol in uniform in a marked patrol vehicle. At a stop light on Rodeo Road at the intersection of Zia in Santa Fe, he pulled up behind an Isuzu pick-up truck driven by Plaintiff Rene Soliz. Officer Arnold ran the license plate through his laptop computer, checking the registration to see if the vehicle was stolen. The license plate came back from the New Mexico computerized motor vehicle registration database as "not on file."

Once the light turned green, the truck driven by Plaintiff pulled forward and made a quick lane change, using the turn signal into the right lane, and Officer Arnold followed. Shortly after

4

this maneuver, the truck made a quick turn into the Rodeo Plaza shopping center. The shopping center was closed, and no businesses were open at the time. Officer Arnold then engaged the emergency lights on his police vehicle and the truck still would not stop. The truck drove through the parking lot and out the other side into a residential area and continued without stopping making two turns in the residential area, where it finally stopped.

Plaintiff, who was driving the truck, and his passenger opened the trucks doors and fled. Plaintiff ran to the left and the passenger fled to the right. Officer Arnold pursued Plaintiff on foot. He yelled "State Police stop!" but Plaintiff did not stop, so Officer Arnold continued chasing him. Then Officer Arnold pulled his issued Taser and yelled, "Taser, Taser, Taser!" and discharged the Taser towards Plaintiff. Only one prong of the Taser hit Plaintiff, so the Taser did not incapacitate him. When Officer Arnold tried to arrest Plaintiff he resisted and squared off in a fighter's stance. Officer Arnold struck Plaintiff with an open hand strike to the left side of the face and tried to arrest him by grabbing him. Plaintiff fought with Officer Arnold, broke away from him and jumped over a wall. As he attempted to escape, Officer Arnold grabbed Plaintiff's shirt and it tore off as he fled.

During the struggle, Officer Arnold had dropped the Taser, so he grabbed it and again chased Plaintiff as he ran away. When he got close enough to Plaintiff, Officer Arnold again yelled "Taser, Taser, Taser!" and discharged his Taser which hit Plaintiff in the back. Plaintiff fell face first to the ground where he was handcuffed and arrested. Officer Arnold saw that Plaintiff was injured from the fall and so he called a request for an ambulance. After the arrest, Officer Arnold observed that Plaintiff had failed to place the Mazda pick-up in park when he had abandoned it and fled, and the truck had rolled forward before striking a mailbox post and stopping.

A police officer may use reasonable force to detain a suspect who flees and physically resists arrest. Officer Arnold's use of force was reasonable and in accordance with accepted police practices and policies and procedures. Accordingly, all of Plaintiff's claims should be dismissed.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

The parties agree on the following discovery plan:

Discovery will be needed on the following subjects: All matters pertaining to the claims raised in the Complaint, damages, and defenses.

Maximum of 25 interrogatories per party. (Responses due 30 days after service).

Maximum of 25 requests for production of documents per party. (Responses due 30 days after service).

Maximum of 25 requests for admission per party. (Responses due 30 days after service).

Maximum of 10 depositions by Plaintiff and 10 by each Defendant.

Each deposition (other than of the parties and of experts) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by: **September 15, 2015**

    from Defendant(s) by**: October 15, 2015**

Supplementation under Rule 26(e) due in accordance with the Federal Rules of Civil Procedure.

All discovery commenced in time to be complete by **December 15, 2015.**

Discovery motion deadline is **January 15, 2016**

Pretrial motions, other than discovery, due by **February 16, 2016**

The parties request a 150 day discovery track.

### PLAINTIFF'S WITNESSES

1. Rene Soliz
   c/o Paul W. Grace, Esq.
   Paul W. Grace, LLC
   117 N. Guadalupe St., Ste. A
   Santa Fe, NM 87501
   (505) 690-8505

   Plaintiff Soliz will testify to the incidents alleged in the Complaint and his damages.

2. Chad Soliz
   c/o Paul W. Grace, Esq.
   Paul W. Grace, LLC
   117 N. Guadalupe St., Ste. A
   Santa Fe, NM 87501
   (505) 690-8505

   Chad Soliz may testify to the incidents alleged in the Complaint.

3. Officer Jerry Arnold
   c/o Frank D. Weissbarth and James P. Sullivan
   Brennan & Sullivan, P.A.
   128 East DeVargas
   Santa Fe, New Mexico 87501
   (505) 995-8514

   Officer Arnold may testify as to his interactions and observations of Plaintiff and Plaintiff's arrest.

4. Dr. Ian Alexander
   ENT Associates
   3917 West Road
   Los Alamos, NM 87544
   (505) 661-4147

   Dr. Alexander may testify concerning his treatment of Plaintiff for his injuries.

5. Dr. Jesse Knight
   ENT Associates
   3917 West Road

Los Alamos, NM 87544
(505) 661-4147

Dr. Knight may testify concerning his treatment of Plaintiff for his injuries.

6. Adan Lopez
   City of Santa Fe Fire Department
   200 Murales Road
   Santa Fe, NM 87501
   (505) 955-3110

   Mr. Lopez may testify concerning his treatment of Plaintiff's injuries.

7. Brian Kennedy
   City of Santa Fe Fire Department
   200 Murales Road
   Santa Fe, NM 87501
   (505) 955-3110

   Mr. Kennedy may testify concerning his treatment of Plaintiff's injuries.

8. Dr. Nathan Unkefer
   Christus St. Vincent Regional Medical Center
   455 St. Michael's Drive
   Santa Fe, NM 87505
   (505) 913-3361

   Dr. Unkefer may testify concerning his treatment of Plaintiff's injuries.

9. Timothy Medlin
   Christus St. Vincent Regional Medical Center
   455 St. Michael's Drive
   Santa Fe, NM 87505
   (505) 913-3361

   Mr. Medlin may testify concerning his examination and treatment of Plaintiff's injuries.

10. Dr. Andrew Beagle
    Christus St. Vincent Regional Medical Center
    455 St. Michael's Drive
    Santa Fe, NM 87505
    (505) 913-3361

    Dr. Beagle may testify concerning his evaluation of Plaintiff's injuries.

11. Dr. Christopher Gutierrez

Los Alamos Medical Center
3917 West Road
Los Alamos, NM 87544
(505) 661-2900

Dr. Gutierrez may testify concerning his evaluation and treatment of Plaintiff's injuries.

12. Steve Harris, PA
Los Alamos Medical Center
3917 West Road
Los Alamos, NM 87544
(505) 661-2900

Mr. Harris may testify concerning his evaluation and treatment of Plaintiff's injuries.

13. Individuals identified in the reports pertaining to Plaintiff's November 26, 2012 arrest;

14. Individuals identified in other reports and/or investigations involving Plaintiff;

15. Any witness identified by any party to this lawsuit, including other officers identified by Defendants below;

16. Such records custodians as may be necessary;

17. Witnesses necessary for impeachment, foundation, or rebuttal;

18. Any witness identified in discovery; and

19. Any expert witness identified by any party.

## **DEFENDANTS' WITNESSES**

1. Rene Soliz
c/o Paul W. Grace, Esq.
Paul W. Grace, LLC
117 N. Guadalupe St., Ste. A
Santa Fe, NM 87501
(505) 986-2009

Plaintiff Soliz may testify to the incidents alleged in the Complaint, his alleged damages, and all other areas necessary in the defense of this matter.

2. Officer Jerry Arnold
c/o Frank D. Weissbarth and James P. Sullivan
Brennan & Sullivan, P.A.

128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514

Officer Arnold may testify as to his interactions and observations of Plaintiff, the arrest of Plaintiff, and all other areas necessary in the defense of this matter.

3. Sgt. Damyan Brown
c/o Frank D. Weissbarth and James P. Sullivan
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514

Sgt. Brown may testify as to his review of the use of force in the incident alleged in Plaintiff's Complaint, and all other areas necessary in the defense of this matter.

4. Lt. Luis Hernandez
c/o Frank D. Weissbarth and James P. Sullivan
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514

Lt. Hernandez may testify as to his review of the use of force in the incident alleged in Plaintiff's Complaint, and all other areas necessary in the defense of this matter.

5. Officer Janice Madrid
c/o Frank D. Weissbarth and James P. Sullivan
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514

Officer Madrid may testify as to her observations of an open alcoholic beverage container in the vehicle driven by Plaintiff, and all other areas necessary in the defense of this matter.

6. Officer Gabriel Luna
c/o Frank D. Weissbarth and James P. Sullivan
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514

Officer Luna may testify as to his observations at the scene of the incident alleged in Plaintiff's Complaint, and all other areas necessary in the defense of this matter.

7. Officer Sam Sena
   c/o Frank D. Weissbarth and James P. Sullivan
   Brennan & Sullivan, P.A.
   128 East DeVargas
   Santa Fe, New Mexico 87501
   (505) 995-8514

   Officer Sena may testify as to his observations at the scene of the incident alleged in Plaintiff's Complaint, and all other areas necessary in the defense of this matter.

8. Sgt. Lisa Romero
   c/o Frank D. Weissbarth and James P. Sullivan
   Brennan & Sullivan, P.A.
   128 East DeVargas
   Santa Fe, New Mexico 87501
   (505) 995-8514

   Sgt. Romero may testify as to his observations at the scene of the incident alleged in Plaintiff's Complaint, and all other areas necessary in the defense of this matter.

9. Individuals identified in Plaintiff's Complaint;

10. Individuals identified in the reports pertaining to Plaintiff's November 26, 2012 arrest;

11. Individuals identified in other reports and/or investigations involving Plaintiff;

12. Any witness identified by any party to this lawsuit;

13. Such records custodians as may be necessary;

14. Witnesses necessary for impeachment, foundation, or rebuttal;

15. Any witness identified in discovery; and

16. Any expert witness identified by any party.

## PLAINTIFF'S EXHIBITS

1. Police reports and forms concerning November 26, 2012 incident;

2. Dispatch recordings concerning November 26, 2012 incident;

3. Records from Defendant Arnold's laptop computer concerning November 26, 2012 incident;

4. Pursuit video and audio recording from November 26, 2012 incident;

5. Plaintiff's medical records;

6. Photographs of Plaintiff;

7. Photographs of Defendant Arnold;

8. Department of Public Safety, New Mexico State Police Personnel, Training, and Discipline files for Defendant Arnold;

9. Department of Public Safety, New Mexico State Police Policies on vehicle stops, warrantless arrests, use of tasers, use of force;

10. Plaintiff's tort claim notice;

11. Any exhibits identified by any party to this lawsuit;

12. Other documents obtained or identified in discovery.

## **DEFENDANTS' EXHIBITS**

1. Incident reports concerning November 26, 2012 incident;

2. Dispatch recordings concerning November 26, 2012 incident;

3. Pursuit Recap concerning November 26, 2012 incident;

4. Use of Force Form concerning November 26, 2012 incident;

5. Arrest report from November 26, 2012;

6. Criminal Complaint for November 26, 2012 incident;

7. Statement of Probable Cause for November 26, 2012 incident;

8. Photographs of Plaintiff;

9. Photographs of Officer Arnold;

10. Audio and video recordings related to November 26, 2012 incident;

11. Any exhibits identified by any party to this lawsuit;

12. Plea and Disposition Agreement in *State of New Mexico v. Rene Soliz*, No. M-49-FR-2012-01217;

13. Judgment and Sentence in *State of New Mexico v. Rene Soliz*, No. M-49-FR-2012-01217;

14. Department of Public Safety, New Mexico State Police Policy, Use of Force and Reactive Control Model;

15. Plaintiff's tort claim notice;

16. Other documents obtained or identified in discovery.

## **PLAINTIFF'S EXPERT WITNESSES**

Plaintiff has not yet made determinations on expert witnesses but reserves the right to do so at a later date.

## **DEFENDANTS' EXPERT WITNESSES**

Defendants have not identified expert witnesses at this time, but reserve the right to do so at a later date.

## **PRETRIAL MOTIONS**

Plaintiff intends to file: motions in limine, discovery motions, and other motions permitted by the Federal Rules of Civil Procedure.

Defendants intend to file: motions to dismiss, motion for summary judgment on all or some of Plaintiff's claims, motions in limine, motions for qualified immunity, discovery motions, and other motions permitted by the Federal Rules of Civil Procedure.

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require 5 days.

____ This is a non-jury case.

  X   This is a jury case.

The parties request a pretrial conference within 30 days of trial or at such other time as the Court may designate.

## **SETTLEMENT**

The possibility of settlement in this case cannot be evaluated until Plaintiff has been deposed and produced documentation related to any damages he is claiming.  The parties request a settlement conference after the Plaintiff's deposition has been taken.

## **EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

Approved Without Exceptions:

Attorney for Plaintiff:

*/s/ Paul W. Grace*_____
Paul W. Grace, Esq.
Paul W. Grace, LLC
117 N. Guadalupe St., Ste. A
Santa Fe, NM  87501
(505) 690-8505


Attorney for the Defendants:

*/s/ Frank D. Weissbarth*__
Frank D. Weissbarth
James P. Sullivan
BRENNAN & SULLIVAN, PA
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514