IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENE SOLIZ,

    Plaintiff,

v.                                                                                                                                         CIV 15-0123 KBM/LF

NEW MEXICO DEPARTMENT OF
PUBLIC SAFETY and JERRY ARNOLD
in his individual and official capacities,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came before the Court on Defendants' Motion to Dismiss and Motion for Qualified Immunity, or, Alternatively, Motion for Summary Judgment on Plaintiff's Complaint, in Part. *See generally Doc. 32* (Motion); *Doc. 37* (Response); *Doc. 39* (Reply). Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 73, the parties have consented to me serving as the presiding judge, conducting all proceedings, including trial, and entering final judgment. *See Docs. 3, 7 & 9*.

## **BACKGROUND**

This case arises from the traffic stop and ensuing arrest of Plaintiff Rene Soliz by then-State Police Officer Defendant Jerry Arnold on November 26, 2012. *Doc. 1-1* (Complaint) at ¶ 7. At approximately 11:00 PM, Defendant Arnold ran the license plate of a white Isuzu pickup truck through New Mexico's Motor Vehicle Division, and the plate came up as "not on file." *Doc. 32-1* (Affidavit of Arnold) at 1, 3; *Doc. 37* at 6. Based upon this information Defendant Arnold initiated a traffic stop of Plaintiff within the city limits of Santa Fe, New Mexico. *Doc. 1-1* at ¶ 7; *Doc. 4* (Answer) at ¶ 7. When Plaintiff did not immediately stop the vehicle he was driving, Defendant Arnold activated his

police lights and siren. *Doc. 1-1* at ¶ 8; *Doc. 4* at ¶ 8. Rather than stop, Plaintiff continued driving through a commercial parking lot, turned into a residential cul-de-sac, and exited the vehicle. *Doc. 1-1* at ¶ 9; *Doc. 4* at ¶ 9.

Defendant Arnold also exited his vehicle and pursued Plaintiff on foot with his service weapon in hand. *Doc. 1-1* at ¶ 10; *Doc. 4* at ¶ 10. At some point Defendant Arnold holstered his service weapon and drew his taser. *Id.* Defendant Arnold ultimately activated his taser three times, took Plaintiff to the ground with enough force to rip his shirt and kicked Plaintiff's head or shoulders multiple times. *Doc. 1-1* at ¶ 11; *Doc. 4* at ¶ 11. Plaintiff was then placed under arrest. *Id.*

Plaintiff sets forth five claims arising from this incident. In Count I, Plaintiff invokes Title 42, Section 1983 of the United States Code claiming violations of his Fourth Amendment rights. Specifically, Plaintiff asserts that: the stop was initiated without reasonable suspicion; he was detained and arrested without probable cause; Defendant Arnold's use of force was excessive and unreasonable; and Defendant Arnold's actions resulted from Defendant Department of Public Safety's ("DPS") policies, practices or customs, or its failure to adequately train, supervise and discipline its officers. *Doc 1-1* at 4. In Count II, Plaintiff brings these same claims, but by vehicle of the Article II, Section 18 of the New Mexico Constitution. *Id.* at 5. In Count III, Plaintiff asserts that Defendant Arnold's conduct constituted a battery under New Mexico law. *Id.* at 6. In Count IV, Plaintiff asserts that Defendant Arnold's conduct resulted in an illegal detention and false arrest, apparently under both state and federal law. *Id.* at 7. Finally, in Count V, Plaintiff asserts a claim of negligence as to both Defendant Arnold and Defendant DPS. *Id.*

Defendants' Motion asserts that Counts II and V of Plaintiff's Complaint fail to state a claim, that Defendant Arnold is entitled to qualified immunity as to Plaintiff's unreasonable search and seizure claims in Count I, that Defendant New Mexico Department of Public Safety ("DPS") is entitled to summary judgment on Plaintiff's unreasonable search and seizure claims in Count I, and that both Defendants are entitled to summary judgment on Plaintiff's state tort claims in Count IV. *Doc. 32* at 1-2.

## THE PARTIES HAVE SIGNIFICANTLY NARROWED THE ISSUES

As an initial matter, the Court notes that Defendants failed to comply with D.N.M.LR-Civ. 7.1(a) which requires the movant to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." *Id.* The concessions noted below by the parties demonstrate the purpose of this rule, and, in fact, the Rules of Civil Procedure generally. *See* Fed. R. Civ. P. 1. Not only does Plaintiff agree to drop some of the claims Defendants' motion attacks, but he also asserts that he did not receive evidence material to these claims and Defendants' defenses prior to being served with their motion, contrary to discovery practice under the Federal Rules. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii); Fed. R. Civ. P. 26(e)(1)(A). However, Plaintiff did not object to Defendants' failure to comply but instead briefed the issues raised in Defendants' Motion. Thus, denying the now fully-briefed motion serves no benefit for judicial economy and, under these circumstances, it is more appropriate that this Court caution Defendants' counsel to request concurrence from opposing counsel as to all relief sought before filing any motions in this Court, dispositive or otherwise.

As to the concessions, Plaintiff does not oppose dismissal of Counts I and II in part, specifically as to his search, seizure and arrest claims as stated in paragraphs 17,

18, 26, 27 of the Complaint and the phrase "freedom from unreasonable detention and seizure of his person" as stated in paragraphs 23 and 32. *See Doc. 37* at 6-7. The Court will accordingly dismiss these claims with prejudice except insofar as the claims are based upon an alleged use of excessive force by Defendant Arnold in effectuating the arrest. Also, Plaintiff's response does not oppose dismissal of Count IV of the Complaint in its entirety.

Defendants, on the other hand, concede that Count II states a valid cause of action to the extent that it is constrained by the New Mexico Tort Claims Act, which Plaintiff does not dispute. *Doc. 39* at 2; *Doc. 37* at 4. Defendants also concede that Count V states a valid claim of negligence under the Act against Defendant DPS, if Plaintiff can prove the requisite predicate tort against Defendant Arnold. *Doc. 39* at 2; *see McDermitt v. Corr. Corp. of Am.*, 1991-NMCA-034, ¶ 1, 112 N.M. 247, 814 P.2d 115. Accordingly, with that understanding, Defendants' Motion will be denied as to Count II and DPS' motion will be denied as to Count V.

## THE SOLE REMAINING ISSUE: DEFENDANT ARNOLD'S MOTION TO DISMISS ASTO COUNT V

### A) Legal Standard

Under Rule 12(c) a party may move for judgment as a matter of law on the face of the pleadings once all pleadings have been filed, but prior to trial.[1] Fed. R. Civ. P. 12(c); *Asebedo v. Kansas State Univ.*, 559 Fed. Appx. 668, 670 (10th Cir. 2014) (unpublished). While procedurally distinct, a motion made under Rule 12(c) is functionally equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.*; *see also Mata v. Anderson*, 760 F. Supp. 2d 1068, 1083 (D.N.M. 2009) (Browning,

---

[1] Defendants move to dismiss Counts II and V under Rule 12(b)(6), however, because the pleadings are closed, Rule 12(c) technically applies.

J.); *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014), *cert. denied, Koopman v. Myers*, 134 S. Ct. 2842 (2014). In other words, a motion made under Rule 12(c) will be granted if a pleading fails to state a claim that is plausible on its face. *Myers*, 738 F.3d at 1193 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's… complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (citing *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir.2010); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). When reviewing a 12(b)(6) motion this Court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint will survive a Rule 12(b)(6) motion if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cressman v. Thompson*, 719 F.3d 1139, 1152-3 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678). However, "[t]he plausibility standard is not akin to a probability requirement." *Ashcroft*, 556 U.S. at 678. Thus, "the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (quotation omitted).

**B) <u>Analysis</u>**

In Count V, Plaintiff contends that Defendant Arnold negligently caused him to suffer a battery and negligently violated his constitutional rights, triggering Section 41-4-

12 of the New Mexico Tort Claims Act. *Doc. 37* at 5-6. It is well-established, however, that law enforcement officers are not subject to claims predicated upon simple negligence under the New Mexico Tort Claims Act.

> Section 41-4-12 states:
>
> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage ***resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico*** when caused by law enforcement officers while acting within the scope of their duties.

NMSA 1978, § 41-4-12 (1977) (emphasis added). Facially, simple negligence is absent from the statute, weighing against Plaintiff's position.

More importantly, while the New Mexico courts have recognized that a law enforcement officer may be subject to a negligence action in limited circumstances, such circumstances are not present here. "[A]llegations of negligence are appropriate only to the extent that a law enforcement officer's negligence is alleged to have caused a **third party** to commit one of the specified intentional torts [stated in Section 41-4-12]." *Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶¶ 35-9, 144 N.M. 314, 322, *cert. denied* 2008-NMCERT-005, 144 N.M. 331 (Table) (emphasis added).

In *Lessen,* the plaintiff asserted that the Metropolitan Detention Center officers negligently caused a violation of the decedent's due process rights under the New Mexico Constitution by failing to ensure his delivery downtown and by failing to provide him medical care upon his release. *Id.* ¶ 34. The Court disagreed on two grounds. The first is stated above – there was no evidence that the defendants caused any third party to commit a tort. The second rejected the notion that a law enforcement officer can *ever*

6

negligently cause a constitutional violation, federal or otherwise. *Id.* ¶ 35 ("it is well established that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *id.* ¶ 42 ("we fail to understand how Section 41-4-12 can be read to permit a claim for negligent deprivation of substantive due process when federal law holds that liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. . . . We know of no authority, and Plaintiff has cited none, holding that due process has a different definition under New Mexico law than it has under federal law.") (internal citations and quotation marks omitted).

As to Plaintiff's battery claim, *Dickson v. City of Clovis* controls. *See Dickerson*, 2010-NMCA-058, 148 N.M. 831, 836, *cert. denied* 2010-NMCERT-006, 148 N.M. 582. There the plaintiff, an arrestee, alleged various claims under the Act, including "negligence, malicious prosecution, assault and battery[.]" *Id.* ¶ 3. The Court rejected the plaintiff's negligence claim for substantively the same reasons as *Lessen*, because "it is well established in New Mexico that Section 41-4-12 immunity is not waived in an action for negligence standing alone[,]" but that such claims are "appropriate only when a law enforcement officer's negligence allegedly caused a third party to commit one of the enumerated intentional acts." *Id.* ¶¶ 19-20. Thus, even though the plaintiff asserted that the officer's negligence caused his battery, his claim failed because he made "no assertion that [the defendant's] alleged negligence caused a third party to commit any intentional tort." *Id.* ¶ 20.

Count V as applied to Defendant Arnold involves just two actors - Plaintiff and Defendant - and Plaintiff does not identify any third party influenced by Defendant's negligence. As such, it is impossible for Plaintiff to recover on his negligence claim

7

against Defendant Arnold because no valid cause of action exists under New Mexico law. Accordingly, Count V will be dismissed as to Defendant Arnold.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss *(Doc. 32)*, is **granted in part and denied in part** as follows:

1. Counts I and II – insofar as the claims are premised on "freedom from unreasonable detention and seizure of [Plaintiff's] person," they are dismissed with prejudice, but insofar as they are based on alleged use of unreasonable force and the Count II claims are subject to the limitations of the New Mexico Tort Claims Act, the claims survive dismissal at this juncture;

2. Count V – Plaintiff's claims against Defendant Arnold are dismissed with prejudice, but the negligent training and supervision claims against DPS survive; and

3. In all other respects, the motion is denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE