IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENE SOLIZ,

    Plaintiff,

v.                                              CIV 15-0123 KBM/LF

NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY and JERRY ARNOLD,
in his individual and official capacities
as a State Police employee,

    Defendants.

## ORDER DENYING AWARD OF ATTORNEY FEES

THIS MATTER is before the Court on Defendant Jerry Arnold's Motion for Attorney's Fees *(Doc. 104).* The Court is thoroughly familiar with this case having presided over a 2-day jury trial in which the jury ruled against Plaintiff on his state law battery claim and Section 1983 claim for the alleged use of excessive force in effectuating his arrest. Having reviewed the Court record, the motion and memoranda submitted by the parties, and the relevant law, the Court reluctantly concludes that it should deny the motion for attorney's fees brought pursuant to Section1988.

As the Honorable Judith C. Herrera has observed:

> The purpose of § 1988 is to ensure "effective access to the judicial process for persons with civil rights grievances.". . . Fee shifting thus reimburses a plaintiff for the cost to vindicate civil rights while at the same time holding to account a defendant who has violated federal law. . . . Although § 1988(b) allows an award of attorney's fees to a [prevailing] defendant, the equitable considerations cited above do not justify an award to a defendant. Congress did intend, however, to deter bringing lawsuits without foundation. Under § 1988, attorney's fees may be

> awarded against a civil rights plaintiff if the suit was "frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so."

*Gutierrez v. Cobos*, Civ. No. 12-980 JH/GBW, Doc. 180 at 6 (D.N.M. June 22, 2016) (citations omitted). It is this standard which controls my decision on the instant motion.

As Defendant correctly notes, "ever shifting" best describes Plaintiff's version of factual events underlying his claim. From the filing of the lawsuit to his deposition to his testimony at trial, Plaintiff's allegations were all over the place. This changing testimony included details of how the defendant officer committed the alleged battery (sometimes alleging by closed fists, sometimes alleging by kicks, sometimes supposedly by kneeing) and where the alleged battery occurred (a front yard, a back yard, a parking lot hundreds of yards from those scenes). The Court had absolutely no difficulty understanding how the jury reached its credibility determination as to Plaintiff's testimony.

But that does not mean that the Court can characterize Plaintiff's claims as "based on an indisputably meritless legal theory, . . . [or] whose factual contentions are clearly baseless.'" *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (unpublished), quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Indeed, it is a "rare circumstance" when a civil rights lawsuit rises to the level of being so "truly frivolous so as to warrant an award of attorneys' fees to the defendant." *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995).

At trial, evidence was received as to a three-minute gap in the recording on Defendant Arnolds's belt tape almost immediately after Plaintiff was successfully tased

and stopped in his tracks. Plaintiff contended at trial that it was during this unrecorded period of time that the defendant officer used excessive force. This recording gap could have been seen as circumstantial evidence supporting that contention. The testimony of the treating physician revealed the severity of Plaintiff's injuries and the ensuing pain caused by the injuries and subsequent medical treatment. But whether those injuries were the result of a "face plant" into the roadway following the officer's reasonable act of tasing a fleeing suspect or the result of a beating by an officer frustrated by the chase, the issue was ultimately one for the jury – whose version of events was to be believed.

Simply put, despite the multitude of Plaintiff's inconsistent statements on numerous points both before and at trial, the Court cannot say that this case was "based on an indisputably meritless legal theory" or that the factual contentions were "clearly baseless.'" Thus, the Motion for Attorney's Fees will be **denied.**

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent of the Parties